THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MONICA R. HAWKINS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:14-CV-0502-P-BK |
| | § | |
| WFAA/ABC, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On February 10, 2014, Plaintiff filed a *pro se* complaint against Defendant WFAA. [Doc. 3]. Although she did not submit a motion to proceed *in forma pauperis*, the Court takes judicial notice that Plaintiff was recently granted *in forma pauperis* status. *See Hawkins v. Griffin*, No. 3:14-CV-504-N-BH (N.D. Tex. Feb. 11, 2014) (filed contemporaneously with this and another action). For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

The complaint is difficult to decipher. Plaintiff asserts "WFAA/ABC has been stalking, harassing [her] and [her] childrens [sic]." [Doc. 3 at 1]. She states that, when she schedules any appointment, WFAA's representatives also appear and find out her personal information, which has "put [her] life and [her] children's life in danger." [Doc. 3 at 1]. Plaintiff also claims that WFAA "want[s] [her] to promote this blue thing they have going on." [Doc. 3 at 1]. In addition, Plaintiff complains she "could not receive medical treatment at Deharo-Saldivar Health Center" due to retaliation. [Doc. 3 at 1].

## II. ANALYSIS

**<u>Frivolous Claims</u>**

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

Here, Plaintiff's factual contentions are clearly baseless. Her allegations that Defendant WFAA and its representatives stalk and harass her, describe fantastic or delusional scenarios that are clearly irrational and incredible. Therefore, Plaintiff's complaint should be dismissed with prejudice as frivolous. *See Mills v. U.S. Government*, No. 3:11-CV-1428-L-BK, 2011 WL 3347919 (N.D. Tex. Jul. 13, 2011), *accepting recommendation*, 2011 WL 3347906 (N.D. Tex. Jul. 29, 2011) (dismissing complaint as factually frivolous because it alleged that unidentified individuals "use[d] technology," nationally and internationally, to watch and control and to commit crimes against him).

**<u>Sanction Warning</u>**

Since 2012, Plaintiff has filed eight civil actions -- three were dismissed as frivolous or for want of jurisdiction, and one was dismissed for failure to state a claim upon which relief may

be granted.  *See Hawkins v. Merrifield Elementary et al*, No. 3:12-CV-1738-B-BH (N.D. Tex. Jul. 18, 2012) (want of jurisdiction dismissal); *Hawkins v. K104,* No. 3:12-CV-1471-M-BH (N.D. Tex. July 5, 2012) (same); *Hawkins v. RNB Smooth 105.7*, No. 3:12-CV-1469-P-BF (N.D. Tex. Sep. 11, 2012) (frivolous dismissal); *Hawkins v. AT&T*, 3:12-CV-1173-L-BF (N.D. Tex.Aug. 23, 2013) (Rule 12(b)(6) dismissal).  Plaintiff's remaining cases were dismissed without prejudice for want of prosecution.  *See Hawkins v. Smiley,* No. 3:12-CV-1741-G-BH (N.D. Aug. 22, 2012); *Hawkins v. Harvey*, 3:12-CV-1702-M-BH (N.D. Tex. July 2012); *Hawkins v. Radio One*, 3:12cv1472-L-BK (N.D. Tex. July 2012); *Hawkins v. Wells Fargo Home Mortgage,* No. 3:12-CV-1453-M-BN (N.D. Tex. Aug. 7, 2013).

   Plaintiff should be warned that if she persists in filing frivolous or baseless cases, the Court may impose monetary sanctions and/or bar her from bringing any further action.  *See* FED. R. CIV. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys).  Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions).  Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period."  *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED** with prejudice as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B).  It is further recommended that Plaintiff be **WARNED** that sanctions may be imposed if she persists in filing frivolous or baseless actions.

SIGNED February 28, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE